[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13028
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00536-RWS-CCH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NELSON FLORES-FIGUEROA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 3, 2011)

Before EDMONDSON, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Nelson Flores-Figueroa appeals his 37-month sentence imposed after he

pleaded guilty to one count of illegal re-entry of a deported alien, in violation of 8

U.S.C. § 1326(a) and (b)(2). He contends that his within-the-guidelines-range sentence is substantively unreasonable.

I.

Flores-Figueroa, a citizen of Honduras, illegally entered the United States in the 1990s. On November 7, 2002, he was found guilty of first-degree sexual abuse. Specifically, while babysitting a seven year-old-girl he forced the child to remove her underwear so that he could "look inside [her]." About six months later he was ordered removed from the United States by an Immigration Judge.

In December 2003 Flores-Figueroa illegally re-entered the United States. On October 27, 2009, he was arrested for falsely imprisoning a female friend. Thereafter he was charged with illegal re-entry and the false imprisonment charge was dropped. On March 17, 2010, Flores-Figueroa pleaded guilty to that illegal re-entry charge. Under the Sentencing Guidelines Flores-Figueroa had a base offense level of 8 with a 16-level enhancement because he had been previously convicted of a crime of violence. See USSG § 2L1.2. He also received a 3-level downward adjustment because he accepted responsibility for his crime. See USSG § 3E1.1(b). The resulting recommended guidelines range was 37–46 months imprisonment. The district court, after discussing Flores-Figueroa's family background, his crime, the guidelines, the "risks to the public" because he sexually

2

abused a child, and the need for deterrence, sentenced him to 37 months imprisonment—the very bottom of the guidelines range and well below the statutory maximum of 240 months imprisonment.  See 8 U.S.C. § 1326(b)(2).  Flores-Figueroa appealed.

## II.

To determine whether a sentence is substantively unreasonable, "we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010).  "[O]rdinarily we . . . expect a sentence within the Guidelines range to be reasonable."  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Irey, 612 F.3d at 1190 (quotation marks omitted).  "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors."  Id.

Here, the totality of the circumstances, including the fact that the sentence was at the bottom of the guidelines range and the fact that Flores-Figueroa had

3

illegally re-entered the United States after sexually abusing a seven-year-old girl, does not leave us with the firm conviction that his 37-month sentence was unreasonably long.

**AFFIRMED.**